# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) **COMPLAINT** ) **AND JURY TRIAL DEMAND** |
| PRO PALLET, LLC, | ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") to correct unlawful employment practices in retaliation for protected conduct, to provide appropriate relief to Dawn Romano, who was adversely affected by such practices, and to prevent further occurrence of such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Pro Pallet, LLC subjected Romano to unlawful employment practices in the form of multiple adverse employment actions, including significant change of job duties and responsibilities and constructive discharge, in retaliation for her protected conduct (opposition) in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

4. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Pro Pallet, LLC, ("Defendant") a Pennsylvania limited liability company, has continuously been doing business in the Commonwealth of Pennsylvania and City of Dover, and has continuously employed at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. Throughout calendar years 2020 and 2021, Defendant continuously employed more than 100 employees.

## **ADMINISTRATIVE PROCESS**

8. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Dawn Romano (formerly surnamed Rodriguez) filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

9. On June 14, 2023, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the administrative Determination by identifying remedies required by the Commission for conciliation.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On August 4, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

14. Dawn Romano was employed by Defendant from on or about July 27, 2020, to on or about May 13, 2021.

15. Romano's job title was Human Resources Manager.

16. Romano was Defendant's sole dedicated human resources employee, and she supervised and carried out the day-to-day functions of Defendant's human resources department.

17. One of the duties of Romano's position as Human Resources Manager was to conduct investigations of complaints or allegations of workplace misconduct, including but not limited to alleged sexual harassment.

18. One of the major duties of Romano's position as Human Resources Manager was to hire new employees, which included creating and monitoring job postings, selecting candidates for interview, conducting interviews of candidates, making hiring decisions, and onboarding new employees, among other things.

19. One of the major duties of Romano's position as Human Resources Manager was to review time and attendance records of employees each day, which

included reviewing the time sheet of each employee of Defendant, checking whether each employee properly clocked in, and speaking with an employee's supervisor if that employee did not clock in then correcting the employee's time sheet.

20. Defendant rehired Ken Magaro on or about March 1, 2021, as General Manager of its Dover, Pennsylvania facility.

21. Prior to his rehire on or about March 1, 2021, Magaro had been employed by Defendant during an earlier time period.

22. After Magaro was rehired by Defendant, Defendant's employees began to discuss allegations of sexual harassment that had been made against Magaro during his prior employment by Defendant.

23. Defendant's President and Owner is Mark Schaffer.

24. Schaffer directed staff in Human Resources, including Romano, to discourage conversations about sexual harassment allegations against Magaro during his previous employment by Defendant and to deny such complaints had been made.

25. From on or around March 1, 2021, through May 2021, Human Resources received complaints from female employees about Magaro's conduct.

26. One complaint about Magaro's conduct alleged that Magaro repeatedly used the office bathroom with the bathroom door open and exited the bathroom with

5

his pants unbuttoned, all within view of the complaining employee's desk and office space.

27. Romano was made aware of the complaint against Magaro, and she was instructed to speak with Magaro about the complaint, which she did.

28. Jessica Hostler was employed by Defendant as custodial staff at Defendant's facilities in Dover, Pennsylvania.

29. Hostler is female.

30. On or around the end of April 2021, Magaro approached Hostler from behind while she was alone in the breakroom performing cleaning duties, pressed his body against Hostler's, and told her he was going to "corner [her]."

31. Hostler perceived Magaro's "corner [her]" comment to have a sexual connotation and immediately left the room.

32. Hostler made an oral complaint to Romano about Magaro's breakroom conduct.

33. At the time of her oral complaint to Romano, Hostler also made a written statement about Magaro's breakroom conduct.

34. Hostler reported to Romano that Magaro approached her when she was alone in the breakroom, that Magaro told Hostler that he was going to corner her, and that Magaro pressed his body up against Hostler's body.

35. At that time, Romano found Hostler's account of Magaro's breakroom conduct to be credible.

36. At that time, Romano believed that Magaro's breakroom conduct that was the subject of Hostler's complaint may have constituted unlawful sexual harassment.

37. In response to Hostler's complaint about Magaro's breakroom conduct, Romano commenced an investigation of Magaro.

38. As part of her investigation of Hostler's complaint against Magaro, Romano interviewed women who had complained previously about Magaro's conduct.

39. Subsequent to her complaint to Romano, Hostler made a complaint of sexual harassment by Magaro to Schaffer directly.

40. Hostler told Schaffer about Magaro's conduct in the breakroom that was the subject of her complaint to Romano.

41. Schaffer's sole action in response to Hostler's complaint consisted of asking Magaro about the incident, which Magaro denied was sexual in nature.

42. In response to Hostler's complaint about Magaro's breakroom conduct, Schaffer did not question Hostler or any other Defendant employee about Magaro's workplace conduct.

43. On or around May 2, 2021, Schaffer held a meeting with Romano and two other management-level employees of Defendant.

44. In the meeting, Schaffer stated his dissatisfaction that an investigation took place without his knowledge and approval.

45. Defendant's policies did not require prior authorization for Romano or persons holding her position to conduct an investigation of alleged sexual harassment or other workplace misconduct.

46. At the May 2, 2021 meeting, Schaffer screamed at Romano in the presence of the other two Defendant employees about the fact that she had initiated an investigation of Hostler's complaint against Magaro.

47. Schaffer instructed Romano to stop the investigation immediately and stated that there was no basis to Hostler's allegations against Magaro.

48. On May 6, 2021, Schaffer sent an email to Romano concerning Hostler's report of sexual harassment. The email detailed the need for disciplinary action against Hostler because of her report of sexual harassment.

49. Schaffer's email stated, among other things, that Hostler's complaint "need[ed] to be put to bed," that it was given more time and attention than it deserved, that Schaffer was disappointed in Hostler for reporting Magaro's conduct, that Hostler should not have "run her mouth about the issue" and should have "ke[pt] quiet," and that Hostler "likes drawing the attention to herself."

50. Schaffer instructed Romano to review the email with Hostler and to instruct Hostler to change the attire she wore to work.

51. After the meeting in which Schaffer directed Romano to discontinue investigation of the Hostler complaint, he stopped speaking with Romano entirely.

52. Schaffer stopped speaking with Romano because she sought to investigate, and did investigate, Hostler's sexual harassment complaint against Magaro.

53. Thereafter, Defendant, acting through Schaffer, removed a number of Romano's significant job duties and responsibilities, including her duties and responsibilities related to hiring and posting positions, drafting reports, and completing time and attendance tasks.

54. Defendant, acting through Schaffer, removed the aforementioned significant job duties and responsibilities because Romano sought to investigate, and did investigate, Hostler's sexual harassment complaint against Magaro.

55. Romano knew that Schaffer removed the aforementioned significant job duties and responsibilities.

56. Additionally, after the meeting in which Schaffer directed Romano to discontinue investigation of the Hostler complaint, Schaffer excluded Romano from meetings that he conducted with other management personnel despite her previous participation in such meetings.

57. Defendant, acting through Schaffer, excluded Romano from meetings that he conducted with other management personnel because Romano sought to investigate, and did investigate, Hostler's sexual harassment complaint against Magaro.

58. Romano knew that Schaffer excluded her from the aforementioned management meetings.

59. Consequently, Romano felt shunned and marginalized by Schaffer and her colleagues in management.

60. On May 13, 2021, Romano resigned from her employment with Defendant.

61. Romano resigned her employment with Defendant due to the actions that it took against her during and after the meeting with Schaffer concerning the Hostler complaint, described above, which caused her to feel compelled to resign her employment.

62. Defendant's actions taken against Romano during and after the meeting with Schaffer concerning the Hostler complaint created working conditions sufficiently intolerable that a reasonable person in Romano's circumstances would have felt compelled to resign her/his/their employment.

## CAUSES OF ACTION

### COUNT I: Retaliation – Removal of Job Duties and Responsibilities

63. The Commission incorporates by reference the factual allegations set forth in Paragraphs 14 through 62, above.

64. Defendant subjected Romano to unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by removing job duties and responsibilities because of her protected opposition to employment practices that she reasonably believed to be unlawful under Title VII.

65. The effect of the unlawful employment practices described in Paragraphs 63 and 64, above, has been to deprive Romano of equal employment opportunities and otherwise adversely affect her status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

66. The unlawful employment practices described above were intentional.

67. The unlawful employment practices described above were done with malice or reckless indifference to Romano's federally protected rights.

### COUNT II: Retaliation - Constructive Discharge

68. The Commission incorporates by reference the factual allegations set forth in Paragraphs 14 through 67, above.

69. Defendant knowingly created the discriminatory terms and conditions of employment described above, and these terms and conditions were so intolerable

that a reasonable person in Romano's circumstances would have felt compelled to resign their employment.

70. The effect of the unlawful employment practices described in Paragraphs 68 and 69, above, has been to deprive Romano of equal employment opportunities and otherwise adversely affect her status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

71. The unlawful employment practices described above were intentional.

72. The unlawful employment practices described above were done with malice or reckless indifference to Romano's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert of participation with Defendant from retaliating against employees for engaging in activity protected under Section 704(a) of Title VII, including, but not limited to, making, communicating or investigating complaints of sexual harassment or discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and ensure Defendant's operations are free from retaliation, including, but not limited to, providing mandatory training regarding the Title VII prohibition of retaliation to Defendant's

owner(s), member(s) and President and its management and human resources personnel whose job duties include receipt of, or response to, harassment or discrimination complaints.

  C. Order Defendant to make whole Romano by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu of reinstatement.

  D. Order Defendant to make whole Romano by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make whole Romano by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Romano punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

>Respectfully submitted,
>
>U.S. EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>
>KARLA GILBRIDE
>GENERAL COUNSEL
>
>CHRISTOPHER LAGE
>DEPUTY GENERAL COUNSEL
>
>*Debra M. Lawrence*  by RLP per authorization
>DEBRA M. LAWRENCE
>REGIONAL ATTORNEY
>EEOC – Philadelphia District Office
>George H. Fallon Federal Building
>31 Hopkins Plaza, Suite 1432
>Baltimore, MD 21201
>(410) 801-6691
>(410) 962-4270 (facsimile)
>
>RONALD L. PHILLIPS
>ASSISTANT REGIONAL ATTORNEY
>Ohio Bar No. 0070263
>EEOC – Baltimore Field Office
>George H. Fallon Federal Building
>31 Hopkins Plaza, Suite 1432
>Baltimore, MD 21201
>(410) 801-6714
>(410) 992-7880 (facsimile)

ronald.phillips@eeoc.gov

_____
NINA A. MENNITI
SENIOR TRIAL ATTORNEY
Pennsylvania Bar No. 326828
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 588-6909
(412) 395-5749 (facsimile)
nina.menniti@eeoc.gov